UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUADALUPE ESCOBEDO MARTINEZ
(A# 201-889-494),

             Petitioner,

     v.

JASON KNIGHT, et al.,

             Respondents.

No.  1:26-cv-03719 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons set forth below, the undersigned recommends the petition be dismissed without prejudice for failure to exhaust the administrative remedy of a subsequent custody redetermination hearing pursuant to 8 C.F.R. § 1003.19(e).

**I.      Factual and Procedural History**

Petitioner is a native and citizen of Mexico.  She entered the United States in December 2005 on a B1/B2 Visa when she was one year old and has not departed since.  ECF No. 1 at 2, ¶ 2.  Petitioner has a 2-year-old daughter who is a U.S. citizen and is the beneficiary of a pending U-Visa application that USCIS has determined to be a "bona fide" petition.  Id. at 4, ¶¶ 13-14.

On April 8, 2026, Petitioner was arrested in Las Vegas, Nevada, for domestic battery under Nevada Revised Statutes § 200.485.1.  ECF No. 1 at 19.  Two days later, on April 10, 2026, Petitioner was transferred to the custody of Immigration and Customs Enforcement (ICE) and

1

administratively charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole).  Id. at 6-8.

On May 7, 2026, an immigration judge ("IJ") denied Petitioner's request for custody redetermination pursuant to 8 C.F.R. § 1236.  The decision reads in full:

> This Court does not have jurisdiction.  Respondent is detained in the Eastern District of California.  On March 6, 2026, the Ninth Circuit in Maldonado Bautista v. DHS, No. 26-1044, Dkt. 5.1 (9th Cir. Mar. 6, 2026), stayed the district court's decision vacating Matter of Yajure Hurtado.  The record contains no evidence that Respondent has been lawfully admitted into the United States.  Pursuant to INA § 235(a)(1), an alien present in the United States without admission is deemed an "applicant for admission" and is subject to mandator detention under INA § 235(b)(2)(A).  The Board has expressly held that Immigration Judges lack jurisdiction to consider or grant bond to such individuals.  Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).

ECF No. 1 at 25.  On the same date, Petitioner's counsel filed a motion to redetermine bond.  ECF No. 6-4.  Counsel explained that he "previously requested a bond hearing for [Petitioner], but did not have the legal entry information," i.e., the 2005 B1/B2 visa documents.  Id. at 3.  On May 8, 2026, the Immigration Court scheduled the custody redetermination hearing for June 2, 2026.  ECF No. 6-5.  However, Petitioner's counsel later withdrew the request.  ECF No. 6-6 at 1.  Petitioner remains in immigration detention and is currently held in the California City Detention Center, within this judicial district.  Id. at 4, ¶ 16.

Petitioner, through counsel, filed the instant § 2241 petition on May 14, 2026.  ECF No. 1.  Applying Mathews v. Eldridge, 424 U.S. 319 (1976), Petitioner alleges that her continued detention without the "substantial procedural protections" that she is entitled to under 8 U.S.C. § 1226(a), i.e., an initial custody determination by ICE and subsequent custody redetermination before an IJ, violate her due process rights.  Id. at 6-8.  By way of relief, she seeks her immediate release or, in the alternative, an "immediate bond hearing whereby the burden to justify Petitioners detention is shifted to the government to provide by clear and convincing evidence" that he is not a risk of danger or flight.  Id. at 8, ¶¶ 29-30.

The undersigned directed Respondent to show cause why the writ should not be granted and specifically address "why petitioner, who appears to have overstayed a nonimmigrant visa

2

(see ECF No. 1 at 12-16), is not entitled to a bond hearing under 8 U.S.C. § 1226(a)." ECF No. 4. In their answer to the petition, Respondents acknowledge that Petitioner is a "visa overstay" under 8 U.S.C. § 1227(a)(1)(C) and thus entitled to a bond hearing under 8 U.S.C. § 1226(a). ECF No. 6 at 5. However, Respondents counter that Petitioner already received that hearing and an IJ denied bond in a written decision supported by an explanation of her decision and the facts at issue. Id. at 2-3. Instead of appealing that decision, Petitioner requested another custody redetermination and submitted evidence of Petitioner's legal entry. ECF No. 6-4. Therefore, Respondents assert that the petition should be denied because Petitioner has failed to exhaust her administrative remedies, including review before the BIA, before seeking review in this district court. Id.

Petitioner filed a short reply arguing that there are "no effective remedies" in this particular case. ECF No. 7 at 2. Even if there were, Petitioner claims that exhaustion would futile here because (1) an IJ has already denied jurisdiction despite having evidence that Petitioner was a visa overstay, and (2) any resolution on appeal would likely come after the resolution of her removal proceedings. Id. Petitioner reiterates his request that the Court grant the petition but asks she be "released without further bond proceedings before the Immigration Court." Id. at 3.

## II.     Legal Standards

### A. Constitutional Standard

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in

3

Mathews, 424 U.S. 319, applies.  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.  An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others."  Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

### B.  Statutory Standard

The Supreme Court described the detention statute at issue in this case, 8 U.S.C. § 1226, in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Even once inside the United States, [noncitizens] do not have an absolute right to remain here. For example, a [noncitizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [noncitizens]." [8 U.S.C.] § 1227(a). That includes [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).

> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule:  The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a).  'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288.[1]  "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination.  The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'"  Rodriguez Diaz, 53 F.4th

---

[1]  The undersigned changed "alien" to "non-citizen" in these passages.  This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years.  See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

4

at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge "any time before an order [of removal] becomes final."  8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  After a custody redetermination hearing, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances."  Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

### C.  Exhaustion

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)).  Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003) (citation omitted).  "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused.  Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)).  The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

### III.   Analysis

The parties agree that Petitioner, a visa overstay who is potentially deportable under 8 U.S.C. § 1227(a)(1)(C), is entitled to a bond hearing under 8 U.S.C. § 1226(a).  Based on the undisputed evidence in the record, including visa documents documenting Petitioner's lawful entry into the United States as an infant, as well as an administrative warrant for petitioner's arrest that identifies INA § 236 [8 U.S.C. § 1226] as the statutory authority for her arrest, ECF No. 6-3,

the undersigned agrees that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to its procedural protections.  See Jennings, 583 U.S. at 288.

Turning to exhaustion, the undersigned finds that direct appeal of the IJ's May 7, 2026, bond denial would be futile.  The IJ determined she lacked jurisdiction pursuant to Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), a binding BIA decision[2] that reflects the administration's reinterpretation of 8 U.S.C. § 1225(b)(2) as applying to noncitizens "who have entered without admission or inspection and have been residing in the United States for years without lawful status[.]"  Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220; see also 8 C.F.R. § 1003.1(g)(1) (BIA decisions are binding on IJs).  The IJ did not have evidence of Petitioner's lawful entry, see ECF No. 6 at 4, ECF No. 6-4 at 3, and the BIA generally will not entertain new evidence on appeal.  See 8 C.F.R. § 1003.1(d)(3)(iv) ("[T]he Board will not engage in factfinding in the course of deciding cases[.]").  Thus, Yajure Hurtado will control on the original record, making direct appeal futile.  See Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (in light of Yajure Hurtado, "[i]t . . . seems clear that anyone deemed inadmissible under § 1182(a)(6)(A)(i) . . . will be subjected to mandatory detention without bond under § 1225(b)(2) upon BIA review."); Vasquez-Rodriguez v. Garland, 7 F.4th 888, 896 (9th Cir. 2021) ("We will excuse a failure to exhaust if it is very likely what [the Board's] result would have been. Thus, where the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required.") (internal quotations and citations omitted).

However, the undersigned disagrees that Petitioner lacks any other effective remedies.  As an individual detained under § 1226(a), Petitioner may request a subsequent custody redetermination hearing pursuant to 8 C.F.R. § 1003.19(e) and submit new evidence of her lawful entry in 2005.  The Immigration Court already granted Petitioner's request for a second hearing based on the new evidence, but Petitioner's counsel withdrew the request for reasons that are not

---

[2]  Yajure Hurtado is binding as of this writing.  On March 31, 2026, the Ninth Circuit granted the government's motion to stay pending the appeal of another court's February 18, 2026, order vacating Yajure Hurtado under the APA.  Bautista, et al. v. U.S. Dep't Homeland Security, et al., Case No. 26-1044 (9th Cir. Mar. 6, 2026).  On March 30, 2026, another court vacated Yajure Hurtado pursuant to the APA but stayed the ruling pending the Bautista appeal.  Ramirez, et al., v. Mullin, et al., No. 2:25-cv-2136 RFB MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

clearly explained in the record.[3]  There is no evidence here to suggest a subsequent custody redetermination hearing would be a futile gesture, particularly given Respondents' acknowledgement that Petitioner's lawful entry documents establish she is a visa overstay entitled to § 1226(a)'s protections.  Cf. Singh v. Barr, 400 F. Supp. 3d 1005, 1013 (S.D. Cal. 2019) (finding that a subsequent custody redetermination under § 1003.19(e) was an "illusory" remedy where "nothing has changed since the last time [petitioner] moved to be considered for release on bond")  Even the BIA's decision in Yajure Hurtado recognizes that visa overstays and other individuals subject to § 1227(a) are entitled to a bond hearing.  Yajure Hurtado, 29 I. & N. Dec. 216, 219 (citing Jennings, 583 U.S. at 299).

To be clear, ICE's misclassification of Petitioner as present without admission or parole and the IJ's subsequent, erroneous application of Yajure Hurtado are the primary reasons she has yet to receive a bona fide 8 U.S.C. § 1226(a) hearing.[4]  But Petitioner had an opportunity to correct the record in the subsequent custody redetermination hearing scheduled for June 2, 2026, but withdrew her request.  She now seeks the habeas remedy of immediate release, without explaining why she bypassed that second hearing.  On this record, the undersigned cannot say that prudential exhaustion should be excused.  Accordingly, because Petitioner has failed to exhaust all available administrative remedies, the undersigned recommends that the petition be dismissed. See Hernandez, 872 F.3d at 988.  The dismissal is without prejudice to refiling pending the outcome of any subsequent custody redetermination hearing.

---

[3]  Respondents submitted emails from Petitioner's counsel in which he explains that he withdrew the motion for custody redetermination as "filed in error."  ECF No. 6-6 at 1.  The undersigned is skeptical of this explanation given the motion's clear purpose of supplementing the bond record with Petitioner's 2005 lawful entry documents.  See ECF No. 6-4.  The timing of the withdrawal creates the appearance that Petitioner intended to use the § 2241 petition to gain release and bypass available administrative remedies in the Immigration Court.

[4]  Respondents' claim that Petitioner has already received a § 1226(a) hearing is not well taken. At a hearing pursuant to § 1226(a) and its implementing regulations, an IJ determines whether a detainee is "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," based on consideration of "various factors . . . including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country[.]"  Rodriguez Diaz, 53 F.4th at 1197 (quoting Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  The IJ at Petitioner's hearing did no such analysis and instead summarily denied bond for lack of jurisdiction.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner Guadalupe Escobedo Martinez's (A# 201-889-494) petition for writ of habeas corpus be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE