UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ESCOBADO MARTINEZ,<br>Petitioner,<br>v.<br>JASON KNIGHT, ET AL.<br>Respondents. | No. 1:26-cv-03719-DAD-SCR (HC)<br><u>ORDER VACATING FINDINGS AND RECOMMENDATIONS</u><br>(Doc. No. 8) |

Petitioner, Guadalupe Escobedo Martinez, is a federal immigration detainee proceeding though counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner filed her petition on May 14, 2026. (Doc. No. 1.) Respondents filed their response in opposition to the petition on May 20, 2026. (Doc. No. 6.) Petitioner filed a reply in support of her petition on May 26, 2026. (Doc. No. 7.)

On June 9, 2026, the magistrate judge issued findings and recommendations, recommending that the petition be dismissed without prejudice to refiling due to petitioner's failure to exhaust. (Doc. No. 8.) Specifically, the magistrate judge found that petitioner entered the United States in 2005 on a B1/B2 visa when she was one year old. (Doc. No. 1 at ¶ 2.) She was arrested in Las Vegas, Nevada on April 8, 2026 for domestic battery of her father. (*Id.* at ¶¶

3, 5.) She was then placed in removal proceedings on April 10, 2026. (Doc. No. 9 at ¶ 9.) The magistrate judge explained that immigration authorities had purportedly taken petitioner into custody pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as a non-citizen who had entered the country without permission or parole. (Doc. No. 8 at 12.)

On May 7, 2026, an immigration judge ("IJ") conducted a custody redetermination hearing pursuant to 8 C.F.R. § 1236, *et seq*. (Doc. No. 1 at 25–26.) The IJ determined that she did not have jurisdiction to consider the matter because petitioner was a non-citizen and there was no evidence at that time that petitioner had been lawfully admitted to the United States. (*Id.* at 25.) Petitioner filed an application to redetermine her custody status on May 7, 2026. (Doc. No. 6-4.) The IJ set a custody redetermination hearing for June 2, 2026. (Doc. No. 6-5.) However, as explained by the magistrate judge, petitioner withdrew that application. (Doc. No. 8 at 6–7.) The record reflects that petitioner stated that withdrawal was submitted in error, but the magistrate judge was unconvinced given the circumstances of this case finding that it appeared petitioner's counsel had withdrawn the application, even though a redetermination hearing was available to petitioner based upon the new evidence of her overstay status, simply as a strategic choice to bypass available administrative remedies and instead to pursue habeas relief directly. (*Id.* at 7 n.3.)

The magistrate judge concluded that exhaustion of the IJ's May 7, 2026 order would be futile because the IJ had erred in concluding that petitioner had failed to show evidence of her lawful entry into the United States. (*Id.* at 6.) Indeed, petitioner had arrived in the United States and obtained a visa. Nonetheless, the magistrate judge also explained that petitioner has not exhausted her administrative remedies with respect to being held pursuant to 8 U.S.C. § 1226(a)). Therefore, the magistrate judge concluded that petitioner could file another custody re-determination motion pursuant to 8 C.F.R. § 1003.19(e)[1] and submit the new evidence of her lawful entry in 2005. (Doc. No. 8 at 6–7.)

---

[1] That regulation states as follows, "[a]fter an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19

Petitioner is a visa overstay and entitled to a bond hearing pursuant to 28 U.S.C. § 1226(a). (Doc. No. 8 at 5–6.) Given these circumstances, the magistrate judge explained that petitioner had failed to exhaust as she could seek a custody re-determination hearing. The magistrate judge therefore recommended dismissal of the pending petition without prejudice. (*Id.* at 7–8.)

After the magistrate judge issued his findings and recommendations, petitioner's counsel filed an affidavit with the court. (Doc. No. 9.) According to that affidavit, petitioner had another custody redetermination hearing before the IJ on or about June 25, 2026, at which the IJ again denied bond. (Doc. No. 9-1.) Once again, the IJ determined that she did not have jurisdiction. (*Id.*) However, the IJ also determined even if she did have jurisdiction, that petitioner had not established that she is not a danger to the community considering her arrest for domestic battery. (*Id.*) Petitioner counsel's affidavit explains that the IJ's June 25, 2026 order is currently on appeal to the Board of Immigration Appeals. (Doc. No. 9 at ¶ 9.)

Given these new developments, most notably the June 25, 2026 IJ order and its placing of the burden on petitioner, the court will vacate the pending findings and recommendations so that the record can be more fully developed. The magistrate judge shall decide the appropriate schedule moving forward in this case, but it should proceed on an expedited basis in light of the time that has already passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner counsel's recently filed affidavit and accompanying exhibit, the court concludes that the pending findings and recommendations by the magistrate judge should be vacated in light of new circumstances since there issuance.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on June 9, 2026 (Doc. No. 8) are VACATED;
2. This action is referred back to the assigned magistrate judge; and

/////

3. The magistrate judge shall provide the parties with an expedited schedule considering the new developments in this case since the June 9, 2026, findings and recommendations were issued.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE